[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-15260
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 12, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-00549-CR-S-S

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD GOODEN, III,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(September 12, 2005)

Before TJOFLAT, DUBINA  and MARCUS, Circuit Judges.

PER CURIAM:

Richard Gooden appeals his conviction and 100-month sentence, imposed

pursuant to his plea of guilty to possession of a firearm by a convicted felon, in

violation of 18 U.S.C. § 922(g)(1).[1] On appeal, Gooden argues that (1) the district court erred by denying his motion to suppress firearm evidence found during an inventory search of his impounded vehicle, and (2) based on United States v. Booker, 543 U.S. ___, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), the district court erred by enhancing his criminal history category based on facts neither admitted by him nor proven to a jury beyond a reasonable doubt.

We review a district court's findings of fact on a motion to suppress for clear error, and its application of law to the facts de novo. See United States v. Tokars, 95 F.3d 1520, 1531 (11th Cir. 1996). Because Gooden preserved his Booker claim in the district court, our review is de novo, but we will reverse and remand only for harmful error. See United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005). Preserved constitutional and statutory errors under Booker are reviewed for harmless error. See United States v. Mathenia, 409 F.3d 1289, 1291-93 (11th Cir. 2005). Constitutional error is "harmless" when the government can show beyond a reasonable doubt that the error did not contribute to the defendant's ultimate sentence. Id. at 1291. We review statutory error under a less demanding test: whether a review of the proceedings, as a whole, shows that the error either did not affect the sentence or had only a slight effect. Id. at 1291-92. "If one can say with

---

[1] In his plea agreement, Gooden reserved the right to appeal the district court's denial of his motion to suppress.

fair assurance that the sentence was not substantially swayed by the error, the sentence is due to be affirmed even though there was error." Id. at 1292 (internal marks omitted). The government has the burden of proof under both standards. Id.

After thorough review of the record and careful consideration of the parties' briefs, we affirm.

The Fourth Amendment guarantees that individuals will be "secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. Amend. IV. "The Fourth Amendment generally requires police to secure a warrant before conducting a search." See Maryland v. Dyson, 527 U.S. 465, 466, 119 S. Ct. 2013, 2014, 144 L. Ed. 2d 442 (1999). However, searches of vehicles are, in certain circumstances, an established exception to the warrant requirement. Id. at 466, 119 S. Ct. at 2014. Under the "automobile exception," if (1) a car is "readily mobile and [2] probable cause exists to believe it contains contraband, the Fourth Amendment . . . permits the police to search the vehicle without more." Id. at 467, 119 S. Ct. at 2014.[2] Officers can search any container

_____

[2]Another exception to the warrant requirement exists for inventory searches, conducted pursuant to an established procedure, on legally impounded vehicles. South Dakota v. Opperman, 428 U.S. 364, 372-73, 96 S. Ct. 3092, 3098-99, 49 L. Ed. 2d 1000 (1976). In the instant case, the officers conducted the search as an inventory search, the validity of which forms the crux of Gooden's argument on appeal. However, the magistrate judge found the search of Gooden's vehicle and seizure of firearm evidence valid both (1) based on an inventory search and (2) pursuant to the automobile exception. Because we find the "automobile exception" of Dyson applies, we need not, and do not, reach the validity of the inventory search. Cf. United States v. Strickland, 902 F.2d 937, 942 (11th Cir. 1990) (upholding validity of the search of a vehicle on a different basis than the

3

in an operational car without a warrant if they have probable cause to believe that the container holds evidence of a crime. California v. Acevedo, 500 U.S. 565, 579-80, 111 S. Ct. 1982, 1991, 114 L. Ed. 2d 619 (1991); United States v. Watts, 329 F.3d 1282, 1286 (11th Cir. 2003).

Because there is no dispute that the car Gooden was driving was operational, our inquiry is limited to determining whether the officers had probable cause to search the automobile for evidence of a crime. See Watts, 329 F.3d at 1286. "Probable cause for a search exists when under the totality of the circumstances 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" United States v. Goddard, 312 F.3d 1360, 1363 (11th Cir. 2002) (quoting Illinois v. Gates, 462 U.S. 213, 238, 103 S. Ct. 2317, 2332, 76 L. Ed. 2d 527 (1983)). The magistrate judge found probable cause existed to search the car for the presence of controlled substances or paraphernalia:

> At the point in time the automobile was searched and the trunk opened, the police had smelled the odor of marijuana coming from it and had arrested the driver of the car for actual possession of crack cocaine found in his pocket. These facts more than adequately establish probable cause to believe illegal controlled substances or evidence of the arrested driver's possession of controlled substances would be found in the car. Thus, there being probable cause to search

___

ground asserted by the searching officers; "[t]he absence of Strickland's consent to [the search of a spare tire contained in his vehicle] does not necessitate the suppression of the evidence derived from the tire search, however, if there is another valid basis justifying the intrusion.").

4

the car and it being inherently mobile, the "automobile exception" to the warrant requirement authorized the search.

The facts in the instant case reveal that (1) both the search and its scope were valid in this case and (2) the district court did not err by denying Gooden's motion to suppress.

We also are unpersuaded by Gooden's <u>Booker</u> argument. Gooden contends that the district court erroneously enhanced his criminal history on the basis of facts not admitted by him nor found by a jury.[3] In <u>Booker</u>, the Supreme Court held that the mandatory nature of the Guidelines rendered them incompatible with the Sixth Amendment's guarantee to the right to a jury trial. <u>Booker</u>, 543 U.S. at ___, 125 S. Ct. at 749-51. There are two types of <u>Booker</u> error: (1) constitutional error, which is a violation of the Sixth Amendment and occurs when a district court enhances a defendant's sentence based on judicial fact finding under a mandatory

---

[3]The government asserts the appeal waiver provision in Gooden's plea agreement bars his <u>Booker</u> claim. A sentence appeal waiver contained in a plea agreement, made knowingly and voluntarily, is enforceable. <u>United States v. Bushert</u>, 997 F.2d 1343, 1345, 1350-51 (11th Cir. 1993). "[I]n most circumstances, for a sentence appeal waiver to be knowing and voluntary, the district court <u>must have specifically discussed the sentence appeal waiver</u> with the defendant <u>during the Rule 11 hearing.</u>" <u>Id.</u> at 1351 (emphasis added). Absent this discussion, a sentence appeal waiver is also enforceable, when "it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." <u>Id.</u>

Based on our review, the district court did not mention the appeal waiver at Gooden's plea colloquy. Moreover, it is not "manifestly clear" that Gooden understood he was waiving the right to appeal his sentence based solely on the written provision in Gooden's plea agreement. <u>Id.</u> at 1352 (rejecting view that an examination of only the text of the plea agreement is sufficient to find the waiver knowing and voluntary). Accordingly, we will disregard the waiver and proceed to the merits of Gooden's <u>Booker</u> claim. <u>Id.</u> at 1353.

sentencing regime, and (2) statutory error, which takes place when the district court applies the Guidelines in a mandatory fashion. United States v. Camacho-Ibarquen, 410 F.3d 1307, 1316 (11th Cir. 2005); United States v. Shelton, 400 F.3d 1325, 1329-30 (11th Cir. 2005).

Here, the district court committed both constitutional and statutory Booker error. First, the plea agreement did not specify a drug amount to be used in calculating his sentence, and Gooden objected to the facts contained in the presentence investigation report ("PSI"). Thus, Gooden was sentenced on the basis of facts that he did not admit and that were not proved by the government to a jury beyond a reasonable doubt. See Shelton, 400 F.3d at 1331. Second, the district court sentenced Gooden under a mandatory Guidelines system. Id. at 1329-30.

Nevertheless, we readily find that any Booker error in the instant case was harmless, even under the more demanding "beyond a reasonable doubt" standard for constitutional errors. See Paz, 405 F.3d at 948. While the district court did not announce an alternative sentence, it did note that the PSI presented a "persuasive argument . . . that an upward departure could be justified," in light of Gooden's extensive criminal history. The district court further stated that "the most important sentencing objective" in imposing Gooden's sentence was "protection of society," and indicated that "even without the benefit of the Sentencing Guidelines

6

in this case, [the court] would be looking at a sentence at the top of the statutory range, not necessarily the tip-top, but within a year of it." (emphasis added).

The statutory maximum term of imprisonment for Gooden's offense is 120 months. See 18 U.S.C. § 924(a)(2). The district court unambiguously indicated that, even without the Guidelines, it would impose a sentence "within a year" of the 120-month statutory maximum, which would yield a sentence of between 108 and 119 months. Gooden received a 100-month term, which was the bottom of the Guidelines range and, notably, was less than the sentence the district court said it would impose without the Guidelines. Accordingly, the record demonstrates beyond a reasonable doubt that any Booker error was harmless. Cf. United States v. Gallegos-Aguero, 409 F.3d 1274, 1177 (11th Cir. 2005) (holding in a preserved-error appeal, that the district court's Booker error was harmless beyond a reasonable doubt because the district court considered sentencing the appellant to the 20-year statutory maximum). Accordingly, we affirm Gooden's sentence.[4]

**AFFIRMED.**

---

[4]Based on our rejection of Gooden's Booker claim, we do not reach his final argument, which concerns the scope of our remand order if we were to vacate and remand his sentence based on Booker, because it is moot.

7